OPINION
{¶ 1} Defendant, Goble Keeton, appeals from a final judgment and decree of divorce terminating his marriage to Plaintiff, Frances Keeton. Goble[1] presents a single assignment of error on appeal:
ASSIGNMENT OF ERROR
 {¶ 2} "THE TRIAL COURT IMPROPERLY DIVIDED THE MARITAL ESTATE AND ABUSED ITS DISCRETION BY AWARDING SPOUSAL SUPPORT."
 {¶ 3} The domestic relations court had directed the parties to agree on the household goods and furnishings each wished to keep, and the court awarded those articles of property to each pursuant to their agreement.
 {¶ 4} The court determined that a General Motors pension owned by Goble and which is currently in pay status and produces the annual income to him of $12,644.47 is, with respect to his interest that accumulated during the marriage, marital property. The court ordered that property be divided equally between the parties.
 {¶ 5} The court awarded Frances a 2002 Chevrolet Cavalier worth $8,000.00. The court awarded the balance of the parties' marital property, consisting of a mobile home, several vehicles, and two financial accounts, all of which is valued at $62,644.00, to Goble. After setting aside from that sum $8,000.00 for the value of the vehicle it awarded Frances, the court found that the net value of the marital property awarded to Goble is $54,644.00. The court then ordered Goble to pay Frances one-half that amount, $27,322.00, as a distributive award of marital property pursuant to R.C. 3105.171(E).
 {¶ 6} Finally, after analyzing the factors in R.C. 3105.18(C) applicable to the parties, the court ordered Goble to pay Frances spousal support in the amount of $200.00 per month for a period of five years.
 {¶ 7} On appeal, Goble first argues that the domestic relations court failed to properly apply the factors in R.C. 3105.171 governing division of marital property.
 {¶ 8} The total value of the articles of marital property the court awarded is $70,644.00 ($62,644.00 to Goble and $8,000.00 to Frances). Each party is entitled to one-half that total amount, or $35,322.00. Subtracting the $27,322.00 distribu-tive award Goble was ordered to pay Frances from the $62,644.00 in marital property he was awarded yields a net award to Goble of $35,322.00. Adding the $8,000.00 for the value of the vehicle Frances was awarded to the $27,322.00 distributive award Goble was ordered to pay her likewise yields a net award to Frances of $35,322.00. The court thus complied with the requirement of R.C. 3105.171(C)(1) to divide the parties' marital property equally between them.
 {¶ 9} Goble argues that, nevertheless, he lacks the resources to pay the $27,322.00 distributive award the court ordered, and will have to sell the mobile home he was awarded in order to comply with the court's order. Goble also contends that Frances is unduly benefitted by the distributive award the court ordered.
 {¶ 10} On this record, we cannot find that Frances is unduly benefitted by the distributive award of $27,322.00 the court ordered. Goble was awarded two financial accounts having a total balance of $24,644.00, plus a 1966 Ford Mustang automobile valued at $7,000.00. The value of those assets, which may be applied to pay the distributive award, exceeds the amount of the distributive award, and may be applied to pay the award. The court appears to have taken those facts into consideration when it awarded the vast bulk of the marital property to Goble. Further, contrary to Goble's contentions, the court is not required by R.C. 3105.171(F) to consider Frances's income when dividing marital assets, either directly or through a distributive award.
 {¶ 11} Goble also argues that the court abused its discretion because in its written decision the court failed to address the factors in R.C. 3105.171(F)(1)-(8) which that section requires the court to "consider" when dividing marital property. The court is not required to address those factors in its decision. On the award that it made, we do not find that the court failed to consider the applicable factors, which is all that R.C. 3105.171(F) requires the court to do.
 {¶ 12} Goble further argues that in imposing his $200.00 per month spousal support obligation, the court failed to take account of the income from his pension that Frances will receive. R.C. 3105.18(C)(1)(a) provides that in making an award of spousal support the court "shall consider . income from property divided . . . under section 3105.171 of the Revised Code."
 {¶ 13} In its judgment and decree, the court found that Goble "receives gross annual retirement benefits of $12,855.00." (Judgment and Decree, p. 14). That is the amount of Goble's pension benefit before its division by the court, and Goble points to the finding in support of his contention. However, after reciting that fact and other facts that it found relevant to the issue of spousal support, the judgment and decree further states:
 {¶ 14} "The Court does find, from the totality of the credible evidence, that taking into account the property division set forth hereinbefore; the allocation of debts as set forth hereinbefore; thedistribution of pension benefits as set forth hereinbefore; the equitable goal of spousal support; the needs of the Plaintiff herein; the mitigation against abrupt changes in lifestyle; and the ability of the Defendant to pay; spousal support is warranted in this case in the sum of $200.00 per month for a period of five years, subject to the conditions set forth hereinafter." Id., pp. 15-16, (Emphasis supplied).
 {¶ 15} The court's statement demonstrates that it considered the income Frances will receive from the pension owned by Goble the court had divided pursuant to R.C. 3105.171. No failure to comply with R.C. 3105.18(C)(1)(a) is shown.
 {¶ 16} On this record, we cannot find that the domestic relations court failed to comply with the statutory requirements governing property division and spousal support orders. The assignment of error is overruled. The judgment of the domestic relations court will be affirmed.
BROGAN, J. and DONOVAN, J., concur.
[1] For clarity and convenience, the parties are identified by their first names.